## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| YAILYN RAMOS, | § | Civil Action No. 3:23-cv-242 |
|         Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES, LLC, | § § § | |
| | § | |
|         Defendants. | § § | |

### DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL

To all parties and their attorneys of record: please take notice that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this Notice of Removal based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  This action is hereby removed from the State District Court of El Paso County, Texas to the United States District Court for the Western District of Texas.  In support of this Notice of Removal, Wells Fargo states as follows:

**I.    Procedural Background**

1.    On April 24, 2023, Plaintiff Yailyn Ramos ("Plaintiff") filed a Complaint and Demand for Jury Trial ("Complaint") against Wells Fargo and Equifax Information Services, LLC, in the District Court of El Paso County, Texas (the State Court Action").  The State Court Action was assigned Case Number 2023-DCV-1315.

2.    Wells Fargo was served with the Complaint on June 1, 2023.

3.    This case was brought by Plaintiff against Wells Fargo and Equifax Information Services, LLC.  Compl. ¶¶ 5-8.

**II.     Parties**

4.     Plaintiff is a resident of El Paso, Texas.  Compl. ¶ 3.

5.     Wells Fargo is a national banking association, with its main office in Sioux Falls, South Dakota.  *Wells Fargo Bank, N.A. v. RLJ Lodging Tr.*, No. 13 C 758, 2016 WL 427487, at *1 n.1 (N.D. Ill. Feb. 4, 2016).

6.     Defendant Equifax Information Services, LLC ("Equifax") is a credit reporting agency, with its main office in Atlanta, Georgia.  *See Murphy v. Trans Union*, LLC, No. CIV.A. 12-499, 2012 WL 3536322, at *5 (E.D. Pa. Aug. 15, 2012).  Defendant Equifax, to its knowledge, has not been served.  Regardless, Equifax consents to Wells Fargo's removal of this action.

**III.     Federal Question Jurisdiction**

7.     The Complaint alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*

8.     Among other things, Plaintiff alleges that she entered into a settlement of debt with Wells Fargo, and that the settlement is reported inaccurately by Equifax Information Services, LLC.[1]  Compl. ¶¶ 16-22, 39-42.

9.     Plaintiff also contends that Wells Fargo failed to investigate disputes regarding the reporting of her credit information, and failed to modify inaccurate information upon its discovery, allegedly in violation of 15 U.S.C. § 1681s-2(b). Compl. ¶ 37-38.

---

[1] Wells Fargo sets forth the allegations in Plaintiff's Complaint solely to establish the prerequisites for jurisdiction and removal of this action.  By filing this Notice of Removal, Wells Fargo reserves the right to assert any and all defenses, objections and exceptions, and nothing in this Notice of Removal shall be interpreted or construed as a waiver or relinquishment of any right to assert any defense(s) or counterclaim(s) including, without limitation, insufficiency of process or service of process, jurisdiction, improper joinder or misjoinder of claims and/or parties, failure to join a necessary party, failure to state a claim, and any other procedural or substantive defense(s) available to Wells Fargo.  Wells Fargo further reserves the right to amend or supplement this Notice of Removal.

10. Plaintiff alleges she suffered damages as a result of Wells Fargo's actions, in an amount to be determined at trial.

11. This Court has original jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331, as it invokes a question of federal law.

12. Plaintiff's FCRA claim arises under the laws of the United States "[b]ecause federal law creates the right of action and provides the rules of decision." *Mims v. Arrow Fin. Serv., LLC*, 565 U.S. 368, 377 (2012).

13. For these reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## IV.  Venue

14. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is being filed in the United States District Court for the Western District of Texas, which is the district in which the State Court Action was filed. Accordingly, venue is proper.

## IV.  The Remaining Requirements for Removal Are Satisfied.

15. Removal is timely under 28 U.S.C. § 1446(b)(1) because Wells Fargo has removed the State Court Action within 30 days of service of the Complaint and the Notice is being filed within one (1) year of the date of commencement of the action for removal purposes.

16. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, in compliance with 28 U.S.C. § 1446(a).

17. Copies of all process, pleadings, and orders served upon Wells Fargo in the State Court Action are attached hereto as **Exhibit A**, in compliance with 28 U.S.C. § 1446(a).

18. Notice of removal is hereby being provided to Plaintiff, who is the only adverse party.

19.     Equifax Information Services, LLC consents to the removal of this action. There are no other defendants in this case.

## V.   Conclusion

20.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the state court action is properly removed to this Court under 28 U.S.C. § 1441.

Dated: June 22, 2023

TROUTMAN PEPPER HAMILTON SANDERS LLP

By:   /s/ Dave Gettings

Dave Gettings, Esq., State Bar No. 24120375
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Phone: (757) 687-7747
Facsimile: (757) 687-1545
Email: dave.gettings@troutman.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.